**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAURA SANDOVAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| FIRST SOURCE ADVANTAGE, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, LAURA SANDOVAL ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, FIRST SOURCE ADVANTAGE, LLC ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Illinois and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in Chicago, Cook County, Illinois.

7. Plaintiff is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff alleges that Defendant is a New York company conducting business in the state of Illinois.

9. Plaintiff alleges that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Defendant places calls to Plaintiff on her cellular telephone and at her place of employment.

12. Defendant failed to send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq*.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

    b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy, abuse and/or harass Plaintiff.

    c. Defendant violated §1692g(a)(1-5) of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

14. Declaratory judgment that Defendant's conduct violated the Federal Act, FDCPA.
15. Actual damages.
16. Statutory damages of $1000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

17. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

18. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: /s/ Adam J. Krohn
Adam J. Krohn
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Floor
Chicago, IL 60602
(312) 578-9428
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LAURA SANDOVAL, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, LAURA SANDOVAL, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LAURA SANDOVAL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12-24-09

LAURA SANDOVAL,
Plaintiff